JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 670           FEB -4 1986

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE LUCE PATENT LITIGATION

ORDER DENYING TRANSFER*

This litigation presently consists of four actions pending in two federal districts: three actions in the Southern District of New York and one action in the District of New Jersey. Before the Panel is a motion by Timex Corporation (Timex), a defendant in one New York action, to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, in the District of New Jersey for coordinated or consolidated pretrial proceedings.[1/] The two plaintiffs in all actions and eight defendants oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 transfer would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. We recognize that these actions may share some questions of fact, but we note that 1) discovery on the principal common issue -- patent validity -- is advanced in the New Jersey action, and that action is presently nearing trial on the validity issue; and 2) all parties responding to the Timex Section 1407 motion, including the plaintiffs in all actions, oppose transfer. In light of these factors, we are not persuaded that Section 1407

---

\* Judge Milton Pollack recused himself and took no part in the decision of this matter. In addition, Judge Fred Daugherty took no part in the decision of this matter.

[1/] The Section 1407 motion submitted by Timex encompassed five actions pending in three districts as follows: two actions each in the Eastern District and Southern District of New York and one action in the District of New Jersey. One of the Eastern District of New York actions -- <u>REFAC Electronics Corp., et al. v. Armitron Corp., et al.</u> -- has been settled and dismissed and is therefore no longer before the Panel. The other Eastern District of New York action -- <u>REFAC Electronics Corp., et al. v. A. Cohen & Sons Corp., et al.</u> -- was transferred to the Southern District of New York by Judge Jack B. Weinstein on December 2, 1985, pursuant to 28 U.S.C. §1404. This action is one of the three Southern District of New York actions now before the Panel.

transfer is warranted. Additionally, we point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. <u>See</u>, <u>e.g.</u>, In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). <u>See also</u> <u>Manual for Complex Litigation, Second</u>, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 of the actions listed on the attached Schedule A be, and the same hereby is, DENIED.**

FOR THE PANEL:

*[signature]*
Andrew A. Caffrey
Chairman

---

** An earlier motion for centralization in this docket was withdrawn at the request of movant Hattori Corporation of America.

## Schedule A

### MDL-670 -- In re Luce Patent Litigation

#### Southern District of New York

REFAC Electronics Corp., et al. v. Allied Time Corp., et al., 84 Civ 1299(JES)

REFAC Electronics Corp., et al. v. AA Americana Creations Watches Ltd., et al., C.A. No. 85 Civ 1684(JES)

REFAC Electronics Corp., et al. v. A. Cohen & Sons Corp., et al., C.A. No. 85 Civ 9539

#### District of New Jersey

REFAC Electronics Corp., et al. v. R. H. Macy & Co., Inc., et al., C.A. No. 84-725